STATE of Minnesota, Respondent,

v.

Daniel Greg INMAN, Appellant.

No. A03–80.

Supreme Court of Minnesota.

Feb. 17, 2005.

**78**

Jodie L. Carlson, Asst. State Public Defender, Minneapolis, MN, for Appellant.

Patrick J. Ciliberto, Scott County Attorney, Todd P. Zettler, Special Asst. Scott County Attorney, Shakopee, MN, Mike Hatch, Attorney General, St. Paul, MN, for Respondent.

## OPINION

MEYER, Justice.

Daniel Inman seeks review of an unpublished court of appeals decision affirming his convictions of first-degree manufacture and fifth-degree possession of methamphetamine. Inman argues that the interrogating officer's failure to record his custodial interrogation constituted a substantial violation of *Scales* such that the statement should have been suppressed. We affirm the court of appeals.

In the late afternoon of April 19, 2001, police officers entered the home of Paul and Kelly Becksted and executed a search warrant. The warrant was based on information received from a confidential informant that for some months methamphetamine had been sold from the Becksted residence. The officers found Paul Becksted and Inman in a downstairs bedroom, standing near a collection of tubing and containers that appeared to be a homemade methamphetamine laboratory. Based on this information and an incriminating statement made by Paul Becksted after his arrest, Inman was charged with one count of first-degree manufacture of a controlled substance, one count of fourth-degree aiding and abetting sale of a controlled substance, and one count of fifth-degree possession of a controlled substance.

At a contested omnibus hearing, Inman moved to suppress a statement he had made in an interview with the police after he was arrested and transported to the Scott County law enforcement center. Inman asserted that the statement was inadmissible because it was unrecorded, and the failure to record substantially violated our recording requirement in *Scales*.

The interview was conducted in the Scott County jail interview room by Deputy Doug Schmidtke of the Carver County Sheriff's Office. At the omnibus hearing, Schmidtke testified that he had a tape recorder with him in the interview room but did not turn it on during the interview. Schmidtke testified that after he read the *Miranda* warning to Inman, Inman told him that he did not wish to have his statement recorded, but that he would give Schmidtke some information. According to Schmidtke, Inman admitted the following:

> [Becksted and Inman] had only cooked [methamphetamine] a few times a couple of weeks ago prior to this date, and then they were cooking for the second time when we raided the house. Talked about finding the recipe at Mystic Lake on a card or something, that they found it on a card in the parking lot or something like that. And they bought some ingredients, him and Paul Becksted, not knowing if they really had the right stuff, and they were experimenting.

Schmidtke initially testified that he did not take notes during the interview but later testified that he had taken notes but destroyed them after typing up his post-interview report. No transcription or other documentation of the interview exists aside from Schmidtke's typewritten report. Inman did not testify at the omnibus hearing. Based upon the evidence presented at the hearing, the omnibus court found that Inman's statement was "knowing, voluntary, and given with full knowledge of his constitutional rights." The court then refused to suppress the statement, concluding that the "lack of recording does not rise to the level of a substantial violation where the defendant requested that he not be recorded."

Schmidtke's trial testimony was essentially the same as it was at the omnibus hearing; he gave Inman the *Miranda* warning, Inman agreed to talk if he was not recorded, and Inman then confessed to "cooking meth" with Becksted. After the state rested its case, Inman testified. He agreed that Schmidtke gave him a *Miranda* warning. He also agreed that he did not want to be recorded. However, he denied that he gave any further information and otherwise disputed the substance of Schmidtke's testimony:

> [Inman]: I told him I didn't—I don't want to be recorded. * * * I said, all I care about is my girlfriend's baby, would be my son, my baby. My daughter was pregnant at the same time. That's all I care about, my children and my grand-baby.

* * * *

> [Counsel] Q: Did you say anything more to the officer after that?
>
> [Inman] A: That I had nothing more to say.

The jury found Inman guilty of the charges of manufacture and possession of methamphetamine.

The court of appeals affirmed the convictions, rejecting Inman's claim that the omnibus court erred by not suppressing his custodial statement. *State v. Inman,* No. A03–80, 2004 WL 235458 at *3 (Minn. App. Feb. 4, 2004). The court of appeals first concluded that Schmidtke had not willfully violated the *Scales* recording requirement because the statement was unrecorded at Inman's request.[1] The court next determined that the officer's failure to record did not substantially violate *Scales* because there was no evidence that the violation was part of a pattern of *Scales* violations within the drug task force.[2] *Inman,* 2004 WL 235458 at *2. The court of appeals held that because Schmidtke's failure to record was not willful, the district court was justified in admitting Inman's statement at trial. *Id.*

■■■ Whether an officer's failure to record a custodial interrogation is a substantial violation of the *Scales* recording requirement is a legal question, subject to de novo review. *State v. Critt,* 554 N.W.2d 93, 95 (Minn.App.), *rev. denied* (Minn. Nov. 20, 1996). Findings of historical fact by the omnibus and district courts, however, are subject to a clearly erroneous standard of

---

1. The court of appeals followed previous court of appeals precedent, which held that failure to record in response to a defendant's request, when supplemented by evidence that the officer would have recorded absent the defendant's request, is not a willful violation of *Scales*. *Inman,* No. A03–80, 2004 WL 235458 at *2 (citing *State v. Chang,* No. C6–00–1416, 2001 WL 536975 at *2 (Minn.App. May 22, 2001)).

2. The Model Code of Pre–Arraignment Procedure (MCPAP) provides that "[a] violation shall be deemed willful regardless of the good faith of the individual officer if it appears to be part of the practice of the law enforcement agency * * *." MCPAP § 150.3(2)(a) (1975).

review. *State v. Thaggard*, 527 N.W.2d 804, 807 (Minn.1995).

■ We first mandated the electronic recording of custodial interrogations in *State v. Scales*, 518 N.W.2d 587 (Minn. 1994). Previous to our decision in *Scales*, we had observed that recording all custodial conversations between the police and a suspect would have the effect of avoiding factual disputes about the denial of a defendant's constitutional rights. *Id.* at 591 (citing *State v. Robinson*, 427 N.W.2d 217, 224 n. 5 (Minn.1988)). In addition, we had previously urged law enforcement professionals to "use those technological means at their disposal to fully preserve those conversations and events preceding the actual interrogation." *Scales*, 518 N.W.2d at 591 (citing *State v. Pilcher*, 472 N.W.2d 327, 333 (Minn.1991)). In order to enforce our previous advisories, we exercised our supervisory power in *Scales* and held that "all custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention." *Scales*, 518 N.W.2d at 592; *see also Thaggard*, 527 N.W.2d at 808 (noting that when *Scales* applies, the interrogating officer would be "legally obliged to tape record not just the so-called 'formal statement' by the defen-

dant but the entire custodial interrogation, including the giving of the *Miranda* warning, the obtaining of a waiver, and that part of the interrogation that [the officer] euphemistically referred to as the 'pre-interview.'"). The penalty for a substantial violation of the recording requirement would be suppression at trial of any statements made by the suspect during the unrecorded interrogation. *Scales*, 518 N.W.2d at 592.[3]

In the present case, the state argues that *Scales* is inapplicable because at the omnibus hearing Inman did not dispute the validity of the *Miranda* warning or his subsequent statement. This argument conflates the issues of applicability and substantiality. The first step is to determine whether *Scales* applies to the facts before us. If it does, we must then determine whether the *Scales* violation is substantial.

■ The *Scales* requirement mandates that all custodial interviews at a place of detention be recorded. *Scales*, 518 N.W.2d at 592. If such an interview is not recorded, by definition it violates the *Scales* requirement. In the case before us, Schmidtke failed to record Inman's custodial interview that occurred at a place of detention. This violated the *Scales* requirement, and thus *Scales* is applicable.[4]

---

3. We determined that the substantiality of violations would be determined on a case-by-case basis, following the approach recommended by the drafters of the MCPAP. *Scales*, 518 N.W.2d at 592. Thus, the trial court was to consider all relevant circumstances bearing on substantiality, including but not limited to those set forth in sections 150.3(2) and (3) of the MCPAP. These circumstances include the extent to which the violation was willful, the extent to which the exclusion will tend to prevent future violations, the extent to which the violation is likely to have influenced the defendant's decision to make the statement, and the extent to which the violation prejudiced the defendant's

ability to support his motion to suppress or to defend himself at trial. *Scales*, 518 N.W.2d at 592; MCPAP § 150.3.

4. This initial step does not run counter to this court's statement that *Scales* does not apply where there is no factual dispute "underlying an accused's claims that the police violated his constitutional rights." *State v. Williams*, 535 N.W.2d 277, 289 (Minn.1995). In *Williams* we held *Scales* inapplicable because the interrogation in question took place before *Scales* went into effect. *Id.* In addition, opinions subsequent to *Williams* have clarified *Scales'* underlying rationale, which is to *prevent* factual disputes about the existence

■ Once we determine that *Scales* applies, we next decide whether the violation of the *Scales* requirement is substantial. *Scales*, 518 N.W.2d at 592–93. Among the factors in determining the substantiality of a *Scales* violation is whether the violation is prejudicial to the accused. *Id.* at 592 n. 5; Model Code of Pre—Arraignment Procedure (MCPAP) § 150.3(2)(a) (1975). A violation can be considered prejudicial to the accused if the accused alleges, contrary to the prosecution's assertions, that no *Miranda* warning was given or that he did not waive his *Miranda* rights. *See State v. Williams*, 535 N.W.2d 277, 289 (Minn.1995) (stating that "the rationale underlying the recording requirement is to avoid factual disputes underlying an accused's claims that the police violated his constitutional rights"). If it is undisputed that the *Miranda* warning was administered, or that the accused waived his or her right to remain silent, the lack of a recording creates no prejudice to the accused. *See id.*

■ Inman moved to suppress his custodial statement because it violated the recording requirement of *Scales*, but he failed to establish at the omnibus hearing that the violation was substantial. In other words, Inman failed to create a factual dispute that would support a judicial determination of a *substantial violation* of the *Scales* recording requirement. Had he claimed at the omnibus hearing that a *Miranda* warning was not given or that he had not waived his *Miranda* rights, the dispute created by his allegations would have gone directly to the stated purpose of the *Scales* requirement, and the lack of a recording would have been prejudicial to

his case. However, on the record before it, the omnibus court found no evidentiary dispute. The *Scales* violation in this case does not raise any factual dispute about the existence and validity of a *Miranda* waiver and was not asserted at the omnibus hearing to be prejudicial to Inman. Therefore, it is not substantial. It was not error for the omnibus court to refuse to suppress Inman's unrecorded statement where he failed to establish at the omnibus hearing a substantial violation of the *Scales* recording requirement.

■ Inman argues that he did raise a factual dispute about whether he waived his *Miranda* rights because at trial he testified and denied that he gave a statement. The statement itself was entered into evidence during the state's case-in-chief and the claimed factual dispute was not created until after the state had rested and Inman had exercised his right to testify. We believe the relevant time to create a factual dispute is at the omnibus hearing where the *Scales* issue was raised and decided.[5] Inman waived his right to claim a substantial violation of the *Scales* recording requirement by not creating a factual dispute at the omnibus hearing.

While the omnibus court could not find a substantial violation based on the record before it, its conclusion that "the lack of recording does not rise to the level of a substantial violation where the defendant requested that he not be recorded" is overly broad. But for Inman's failure to raise a factual dispute at the time of the omnibus hearing, this court could well have found that a substantial violation of the *Scales* requirement had occurred. If a

and content of *Miranda* warnings and any ensuing waiver of rights. *See, e.g., State v. Miller*, 573 N.W.2d 661, 674 (Minn.1998).

5. This determination is consistent with the Supreme Court of Alaska's decision in *Ste-*

*phan v. State*, 711 P.2d 1156, 1165 (Alaska 1985), which held that "a defendant's unrecorded statement may be admitted if no testimony is presented that the statement is inaccurate or was obtained improperly * * *."

suspect has a right to request an "off the air" interview, our *Scales* decision would still require a recording of the *Miranda* warning, the suspect's request to have the tape recorder turned off, and an indication that the suspect understood that what he said could still be used against him.

Affirmed.

ANDERSON, G. BARRY, J., took no part in the consideration or decision of this case.