*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-1844**

State of Minnesota,
Respondent,

vs.

Kyle Anthony Compardo,
Appellant.

**Filed August 18, 2014
Affirmed
Johnson, Judge**

Ramsey County District Court
File No. 62-CR-11-4537

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Connolly, Presiding Judge; Johnson, Judge; and Hooten, Judge.

UNPUBLISHED OPINION

**JOHNSON**, Judge

A Ramsey County jury found Kyle Anthony Compardo guilty of a third-degree controlled-substance offense based on evidence that he sold heroin to a confidential informant. Compardo argues that the district court erred by denying his pre-trial motion to suppress evidence of an inculpatory statement that he gave to investigating police officers. We affirm.

**FACTS**

In late 2010, a confidential informant who was cooperating with the Richfield Police Department informed Officer Brian Rogge that Compardo was selling heroin. In January 2011, Officer Rogge arranged for the informant to make a controlled buy from Compardo. Officers attached audio-surveillance equipment to the informant, brought him to Compardo's apartment building, and provided him with four $20 bills after recording their serial numbers. Officers conducted a pat-down search of the informant before he entered the building to ensure that he was not carrying any drugs or weapons. The informant entered Compardo's apartment building and returned "within a couple of minutes" with .4 grams of heroin. The informant told officers that he purchased the heroin from Compardo. During the controlled buy, law-enforcement officers conducted both audio and visual surveillance of the informant at all times, except when the informant was inside the apartment building, when only audio surveillance was possible.

Two days later, after confirming that Compardo was on probation in Ramsey County, Officer Rogge, two other police officers, and two probation agents went to

Compardo's apartment to conduct a probationary search. The officers informed Compardo that the purpose of the visit was two-fold: to conduct a probationary search and to obtain his consent to search for controlled substances. The officers read Compardo his *Miranda* rights and presented him with a consent-to-search form, which included a written *Miranda* warning. Compardo signed the form, and officers searched his apartment. Officers found two of the $20 bills that had been supplied to the informant before the controlled buy.

After the officers found the two $20 bills, Officer Rogge interviewed Compardo in his living room. During the interview, Compardo stated that he was "involved in, you know, dealing and hooking people with some heroin." He stated that he usually has between two and twelve half-grams of heroin on hand, that he normally sells the heroin from his apartment, that he typically buys heroin for $50 per half-gram, and that he typically sells a half-gram of heroin for "[a]round 80" dollars. He stated that the last time he sold heroin was "a couple days" earlier.

At some point while in Compardo's apartment, the officers had a conversation with him in which they inquired whether he was interested in assisting the police department as a confidential informant in other investigations. Compardo apparently provided some information to law enforcement about drug-trafficking activity by others, but Officer Rogge later testified that Compardo's information "did not pan out."

Officer Rogge's interview of Compardo, which lasted approximately six minutes and contained Compardo's admission that he sold heroin, was audio-recorded. The

officers' conversation with Compardo about the possibility of becoming a confidential informant was not audio-recorded.

In June 2011, the state charged Compardo with third-degree controlled-substance crime, in violation of Minn. Stat. § 152.023, subd. 1(1) (2010). In January 2012, Compardo moved to suppress the statement he gave to Officer Rogge on the ground that the officers did not record the conversation concerning the possibility of Compardo becoming a confidential informant. The district court denied the motion.

The case was tried to a jury over two days in April 2013. The jury found Compardo guilty. The district court sentenced him to 46 months of imprisonment. Compardo appeals.

## DECISION

Compardo argues that the district court erred by denying his motion to suppress the evidence of his self-inculpatory statement to Officer Rogge on the ground that the officers did not make an audio-recording of all conversations between him and the officers who were in his apartment.

Twenty years ago, in *State v. Scales*, 518 N.W.2d 587 (Minn. 1994), the supreme court, exercising its "supervisory power to insure the fair administration of justice," held that "all custodial interrogation including any information about rights, any waiver of those rights, and all questioning shall be electronically recorded where feasible and must be recorded when questioning occurs at a place of detention." *Id.* at 592. Since *Scales*, law enforcement officers have been "legally obliged to tape record not just the so-called 'formal statement' by the defendant but the entire custodial interrogation, including the

4

giving of the *Miranda* warning, the obtaining of a waiver, and that part of the interrogation that [officers] euphemistically refer[] to as the 'pre-interview.'" *State v. Thaggard*, 527 N.W.2d 804, 808 (Minn. 1995). If a violation of the recording requirement is "substantial," "any statements the suspect makes in response to the interrogation may be suppressed at trial." *Scales*, 518 N.W.2d at 592. Whether a failure to record an interrogation is a substantial violation of the *Scales* recording requirement is a question of law, to which this court applies a *de novo* standard of review. *State v. Inman*, 692 N.W.2d 76, 79 (Minn. 2005).

The state argues that there is no *Scales* violation in this case because Compardo was not in custody when he spoke with officers about the possibility of becoming a confidential informant. The state also argues, in the alternative, that if there is a *Scales* violation, the violation is not substantial. The state further argues, again in the alternative, that if there is a substantial *Scales* violation, the violation would be a harmless error.

We need not address the state's first argument concerning whether Compardo was in custody because, given the facts in the district court record and the parties' respective arguments, it is clear that, even if there is a *Scales* violation, the violation is not "substantial." *See State v. Buckingham*, 772 N.W.2d 64, 69 (Minn. 2009) ("We need not determine if there was a *Scales* violation here because, if there was, it was not substantial."). "Among the factors in determining the substantiality of a *Scales* violation is whether the violation is prejudicial to the accused." *Inman*, 692 N.W.2d at 81 (citing *Scales*, 518 N.W.2d at 592 n.5; Model Code of Pre-Arraignment Procedure § 150.3(2)(a)

5

(1975)). This factor promotes "'the rationale underlying the recording requirement,'" which is "'to avoid factual disputes underlying an accused's claims that the police violated his constitutional rights.'" *Id.* (quoting *State v. Williams*, 535 N.W.2d 277, 289 (Minn. 1995)). Accordingly, a *Scales* violation is not substantial "[i]f it is undisputed that the *Miranda* warning was administered, or that the accused waived his or her right to remain silent" because in such a case "the lack of a recording creates no prejudice to the accused." *Id.*; *see also Buckingham*, 772 N.W.2d at 69; *State v. Miller*, 573 N.W.2d 661, 674-75 (Minn. 1998); *Williams*, 535 N.W.2d at 289. Other factors relevant to substantiality include, but are not limited to, "the extent to which the violation was willful, the extent to which the exclusion will tend to prevent future violations, [and] the extent to which the violation is likely to have influenced the defendant's decision to make the statement." *Inman*, 692 N.W.2d at 80 n.3.

In this case, there is no apparent prejudice to Compardo arising from the lack of a recording of the conversation about the possibility of his becoming a confidential informant. It is undisputed that Compardo was advised of his *Miranda* rights while the officers were in his apartment. Compardo received his first *Miranda* warning orally before officers obtained his consent to search his apartment. He also received a written *Miranda* warning via the consent-to-search form, which he signed. Compardo received another oral *Miranda* warning during Officer Rogge's audio-recorded interview. Each time, Compardo indicated that he understood his rights and was willing to talk to the officers. In light of the absence of any dispute about the existence and validity of the *Miranda* warnings, the partial recording was not prejudicial to Compardo. *See id.* at 81.

6

The other factors relevant to substantiality also support the conclusion that any *Scales* violation is not substantial. *See id.* at 80 n.3. One of the officers testified that, in his experience, conversations with suspects about becoming confidential informants are "absolutely not" recorded because doing so could lead to the disclosure of the informant's identity, which could jeopardize the informant's safety. Compardo does not challenge the officer's justification for not recording that part of the conversation. Compardo also does not identify any other factors that would support a conclusion that any *Scales* violation is substantial. Thus, we conclude that any *Scales* violation in this case is not substantial. In light of that conclusion, we need not consider the state's argument concerning harmless error.

In sum, the district court did not err by denying Compardo's motion to suppress evidence.

**Affirmed.**